Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| HERBMAN, LLC<br><br>Recurrente<br><br>v.<br><br>JUNTA REGLAMENTADORA DEL CANNABIS MEDICINAL<br><br>Recurrida | KLRA202400631 | Revisión Administrativa procedente del Departamento de Salud, Junta Reglamentadora del Cannabis Medicinal<br><br>Caso Núm.:<br>JRCM-2022-008<br><br>Sobre:<br>Denegatoria Cambio de Dueño |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de enero de 2025.

Comparece Herbman, LLC. (Herbaman o Recurrente) vía *Revisión Administrativa* y solicita la revocación de la *Resolución Final* emitida por la Junta Reglamentadora del Cannabis Medicinal (JRCM o Recurrida) el 18 de julio de 2024 y notificada el 5 de septiembre de 2024. Por los fundamentos expuestos a continuación, se confirma la *Resolución* recurrida.

Según surge del expediente, el 14 de febrero de 2018, el recurrente presentó la solicitud de precualificación, número 2018-01-0167, para el establecimiento de un dispensario de cannabis medicinal ubicado en el municipio de San Juan. El 21 de febrero de 2018, la JRCM aprobó dicha precualificación mediante la *Notificación de Precualificación de Licencia para Establecimiento de Cannabis Medicinal*.

Número Identificador

SEN2025 _____

El 9 de agosto de 2018, el recurrente presentó una solicitud de extensión de término para solicitar la inspección final. En respuesta, el 16 de agosto de 2018, la JRCM le concedió una primera extensión de término de seis (6) meses para solicitar la inspección. Más adelante, el 20 de diciembre de 2018, Herbman solicitó una segunda extensión de término. El 27 de agosto de 2018, la JRCM le otorgó dicha extensión.

Tras varios asuntos, el 15 de julio de 2020 el recurrente presentó una solicitud de *Cambio de Ubicación de Establecimiento de Cannabis Medicinal*. En esta expresó que luego de varios intentos de llegar a un acuerdo en el contrato de arrendamiento en el local ubicado en el municipio de San Juan, surgió la oportunidad de adquirir una localidad en el municipio de Caguas. En respuesta, 24 de agosto de 2020, la JRCM aprobó la solicitud de cambio presentada por Herbman y le expidió una *Notificación de Precualificación de Licencia para Establecimiento de Cannabis Medicinal*.

El 19 de febrero de 2021, Herbman presentó una solicitud de extensión de tiempo para solicitar la inspección final del establecimiento ubicado en el municipio de Caguas. En respuesta, el 3 de marzo de 2021, la JRCM le concedió un término de seis (6) meses al recurrente por vía de excepción, en virtud del Art. 43 del Reglamento 9038, *infra*. Además, le apercibió que debía solicitar la inspección final o extensión de solicitud previo al veinticuatro de agosto del año en curso.

El 5 de agosto de 2021, Herbman presentó una *Solicitud de cambio de dueño, estructura organizacional de entidad jurídica o persona con registro de establecimientos de cannabis medicinal*. No obstante, el recurrente no presentó la solicitud de inspección final, ni

solicitó una extensión de término para la precualifucación de la solicitud número 2018-01-0167.

Luego de varios incidentes procesales, el 25 de febrero de 2022 la JRCM emitió *Resolución* mediante la cual denegó la *Solicitud de Cambio de Dueño, Estructura Organizacional de Entidad Jurídica o Persona con Registro de Establecimientos de Cannabis Medicinal* presentada por Herbman. En esencia, la agencia determinó que no procede una *Solicitud de Cambio de Dueño* para un establecimiento cuya precualificación está vencida.

En desacuerdo, el 17 de marzo de 2022 el recurrente presentó una *Moción en Solicitud de Reconsideración*. En síntesis, argumentó que la agencia no lo instruyó en cuanto a la necesidad de presentar la *Solicitud de Cambio de Dueño* previo a la vigencia del término de precualificación. Además, arguyó que la JRCM no atendió la solicitud de cambio antes de que venciera el término.

En atención a la *Reconsideración*, el 11 de mayo de 2023 la JRCM celebró una vista administrativa, a los fines de atender la *Solicitud de cambio de dueño, estructura organizacional de entidad jurídica o persona con registro de establecimientos de cannabis medicinal*. Luego de celebrada la vista el 18 de octubre de 2023, la Oficial Examinadora emitió un informe a la JRCM. En este concluyó que "aun cuando Herbman presentó la *Solicitud de Cambio de Dueño* durante la vigencia del término de precualificación, resulta académico evaluar el cambio solicitado. Pues, no procede un cambio de dueño para una solicitud que está vencida". Por tanto, recomendó denegar la solicitud presentada por Herbman. Finalmente, el 18 de julio de 2024, la JRCM emitió *Resolución Final*, acogió el informe presentado por la

Oficinal Examinadora y resolvió confirmar la denegatoria en la *Solicitud de Cambio de Dueño*. Además, ordenó el archivo del caso.

En desacuerdo, Herbman presentó una *Moción de Reconsideración*. La JRCM no se expresó en el término establecido en ley. En consecuencia, el recurrente comparece ante esta segunda instancia judicial y arguye que erro la JRCM al denegar la *Solicitud de Cambio de Dueño* debido a que se había expirado el término de precualificación sin haberse solicitado una nueva extensión de término. En posesión de ambos alegatos, estamos en posición de resolver. Veamos.

Sabido es que la revisión judicial nos permite asegurar que los organismos administrativos actúen de acuerdo con las facultades que legalmente les fueron concedidas. *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998 (2008). Las determinaciones administrativas gozan de una presunción de legalidad y corrección, la cual subsistirá mientras no se produzca suficiente prueba como para derrotarla. *Batista, Nobbe v. Jta. Directores*, 185 DPR 206 (2012). Por ello, al impugnar una decisión administrativa es la parte que recurre quien tiene el peso de la prueba para derrotar esa presunción y no puede descansar en meras alegaciones. *Rebollo v. Yiyi Motors*, 161 DPR 69 (2004).

La Ley 142 de 9 de julio de 2017, (24 LPRA sec. 2621, *et seq*.), mejor conocida como "*Ley para Manejar el Estudio, Desarrollo e Investigación del Cannabis para la Innovación, Normas Aplicables y Límites*".[1] Creó un amplio marco regulatorio a los fines de permitir el

---

[1] La Ley Núm. 42-2017, 24 LPRA sec. 2621, *et seq*., conocida como "Ley para Manejar el Estudio, Desarrollo e Investigación del Cannabis para la Innovación, Normas Aplicables y Límites fue enmendada por la Ley Núm. 15 de julio de 2021.

tratamiento con cannabis para las personas con ciertas condiciones médicas.

En aras de velar por el cumplimiento de la Ley Núm. 42-2017, su Artículo 4 dispone para la creación de la Junta Reglamentadora del Cannabis Medicinal (24 LPRA sec. 2622). Consecuentemente, el Artículo 5 establece los poderes y las obligaciones que poseerá la referida Junta, a saber, [...] gozará de todos los poderes necesarios o convenientes para llevar a cabo y realizar los propósitos y disposiciones de esta ley, incluyendo, pero sin limitar la generalidad de lo que antecede, las facultades de: (k) Emitir reglamentos para instrumentar esta Ley; (n) Emitir, negar, revocar, suspender, restringir licencias e imponer multas administrativas conforme a las disposiciones de esta Ley y los reglamentos que promulgue para instrumentar la misma. (24 L.P.R.A. sec. 2622a).

De conformidad con lo anterior, la Junta aprobó el "*Reglamento para Manejar el Estudio, Desarrollo e Investigación del Cannabis para la Innovación, Normas Aplicables y Límites*", Reglamento Núm. 9038, Departamento de Estado, 2 de julio de 2018. En lo concerniente a la controversia ante nos, el Artículo 43 (H) establece el requisito de inspección para cualificación final de licencia de establecimiento de cannabis medicinal, el cual dispone que: (1) No se otorgará ninguna licencia a un establecimiento de cannabis medicinal sin antes haberse efectuado una inspección a las facilidades por inspectores de la oficina. (2) La inspección requerida para la cualificación final de la licencia deberá solicitarse dentro del término de seis (6) meses de haber recibido carta de precualificación para la solicitud de establecimiento de cannabis medicinal. De no solicitar para cualificación final dentro de

este término, el solicitante perderá el derecho a la licencia solicitada. (Reglamento Núm. 9038, *supra*, pág. 39).

En lo pertinente al cambio de dueño, el Artículo 100 (B) del Reglamento Núm. 9038, *supra*, dispone que toda solicitud de cambio de titularidad o en la entidad seguirá los mismos procedimientos que una solicitud de un nuevo permiso para un establecimiento de cannabis medicinal. No se permitirá ningún cambio hasta que la Junta autorice dicho cambio. (Reglamento Núm. 9038, *supra*, pág. 122). Por último, el Art.101(A) establece que la Junta denegará una licencia solicitada bajo este Reglamento para cultivar, manufacturar, transportar, realizar pruebas de calidad o dispensar cannabis medicinal o un producto que contenga el mismo bajo las siguientes circunstancias: (1) el solicitante no cumple con alguno de los requisitos consignados en este Reglamento […] (Reglamento Núm. 9038, *supra*, pág. 124).

En el caso de epígrafe, Herbman presentó la *Solicitud de Cambio de Dueño*, el 5 de agosto de 2021. No obstante, el recurrente tenía hasta el 24 de agosto de 2021, para presentar la solicitud de inspección final o solicitar la extensión de término en la solicitud de precualificación número 2018-01-0167.

Tras un estudio detenido del expediente, coincidimos en que la JRCM actuó correctamente al denegar la *Solicitud de Cambio de Dueño* presentada por Herbman. Aunque dicha solicitud se presentó previo al 24 de agosto de 2021, la misma no sustituyó el requisito en ley de inspección para la cualificación final de licencia de establecimiento de cannabis medicinal. (Reglamento Núm. 9038, supra, pág. 39). Tampoco nos consta en los autos del caso que el recurrente haya solicitado una extensión de término para presentar la solicitud de

inspección previo al vencimiento de la precualificación. En consecuencia, luego del 24 de agosto de 2021, Herbman perdió el derecho a la licencia solicitada, según establece el Artículo 43(H) del Reglamento 9038, *supra*.

Por otra parte, el Artículo 100 del Reglamento Núm. 9038, *supra*, establece que "no se permitirá ningún cambio hasta que la Junta autorice dicho cambio". En el caso de autos, la *Solicitud de Cambio de Dueño* presentada por Herbman fue evaluada por la Junta en reunión ordinaria, del 30 de noviembre de 2021. En ese sentido, concluimos que, la JRCM no podía evaluar u otorgar una *Solicitud de Cambio de Dueño* a un establecimiento cuya solicitud de precualificación estaba prescrita. Por los fundamentos expuestos, se confirma la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones